607 A.2d 986

STUART A. HIRSCH, M.D.; THE MEDICAL SOCIETY OF NEW JERSEY; AND THE NEW JERSEY SOCIETY OF OSTEOPATHIC PHYSICIANS AND SURGEONS, PLAINTIFFS-APPELLANTS, v. NEW JERSEY STATE BOARD OF MEDICAL EXAMINERS, DEFENDANT-RESPONDENT.

Argued May 4, 1992—Decided June 18, 1992.

*Steven I. Kern* argued the cause for appellants (*Kern, Augustine, Conroy & Isele,* attorneys; *Steven I. Kern* and *William P. Isele,* on the briefs).

*Edward J. Dauber,* Assistant Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney; *Andrea M. Silkowitz,* Assistant Attorney General, of counsel; *Steven N. Flanzman,* Deputy Attorney General, on the briefs).

*Robin E. Jacobsohn,* a member of the District of Columbia bar, argued the cause for *amicus curiae,* National Mental Health Association (*Orloff, Lowenbach, Stifelman & Siegel,* attorneys; *Laurence B. Orloff,* on the brief).

PER CURIAM.

The Appellate Division rejected plaintiffs' facial challenges to the New Jersey State Board of Medical Examiners' questionnaire that the Board had made part of New Jersey physicians' and podiatrists' biennial license-renewal application. We affirm the judgment below substantially for the reasons set forth in Judge Coleman's comprehensive opinion. See *Hirsch v. New Jersey State Board of Medical Examiners,* 252 *N.J.Super.* 596, 600 *A.*2d 493 (1991). Although some of the questions on the application could benefit from reformulation to achieve a better-defined focus and to reflect a more sensitive appreciation of the privacy concerns of those who must answer, we cannot say that on this record there has been a clear demonstration of unreasonableness. We add, however, that our ruling on the facial validity of the questions should not be interpreted as an absolute bar to later consideration of a particularized claim of damage or injury by an aggrieved license-renewal applicant.

We decline to rule on so much of plaintiffs' claims as is based on the Americans with Disabilities Act of 1990 (ADA), 42 *U.S.C.A.* §§ 12101–12213, plaintiffs having first presented those claims after their petition for certification had been granted. Moreover, we are uncertain that this Court has jurisdiction over ADA-based claims if, as here, the individual

plaintiffs have not first filed those claims with the Department of Justice, see 28 C.F.R. §§ 35.170(c), 35.171(a)(2), 35.190(b)(6) (1991); but in that respect as well we defer a definitive ruling until presented with an appeal in which the ADA issues have been fully developed.

Judgment affirmed.

*For affirmance* Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—none.